# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO,
# EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| **Leon Nelson Landaverde and Karla Landaverde**<br><br>      Plaintiffs,<br><br>v.<br><br>**Midwest Transport, Inc.**<br>c/o Eric Beery, Agent<br>All American Agents of Process<br>5025 Arlington Centre Blvd. Ste. 55<br>Columbus OH 43220<br><br>**Nickolas K. McCoy, Special Administrator of the Estate of Joseph Craig Davis, deceased**<br>c/o McCoy Law LLC<br>25 W. Central Ave.<br>Delaware, Ohio 43015-1911<br><br>      Defendants. | Case No.: 2:22-cv-2753<br><br>Judge<br><br>**COMPLAINT WITH JURY DEMAND ENDORSED HEREON** |

Plaintiffs, Leon Nelson Landaverde and Karla Landaverde, through undersigned counsel, file the following Complaint:

## PARTIES

1. Plaintiff Leon Nelson Landaverde ("Nelson Landaverde") was, at the time of the crash, a domiciliary and citizen of Henderson, Nevada, residing in Clark County.

2. Plaintiff Karla Landaverde was, at the material times, a domiciliary and citizen of Henderson, Nevada, residing in Clark County.

1

3. Defendant Midwest Transport, Inc. ("Midwest Transport") was, at the material times, a for-hire motor carrier operating the commercial motor vehicle described herein transporting property in interstate commerce. It was registered with the Federal Motor Carrier Safety Administration with a USDOT number of 1084722 and an MC number of 454765 and it was, at the material times, a business entity organized and existing under the laws of the State of Illinois with its principal place of business in Robinson, Illinois. Defendant Midwest Transport has consented to jurisdiction in Ohio and has designated All American Agents of Process, Eric Beery, 5025 Arlington Centre Blvd., Ste. 55, Columbus, OH 43220, as its BOC-3 agent for service of process, as required by 49 C.F.R. §366.

4. Nickolas K. McCoy has been appointed Special Administrator of the Estate of Joseph Craig Davis, deceased by the Probate Court of Greene County, Ohio, an accurate copy of the Entry Appointing Fiduciary and Letters of Authority is attached as Exhibit 1. At the time of his death, Joseph Craig Davis was a domiciliary and resident of Xenia, Greene County, Ohio and may be served process by serving Nickolas K. McCoy at his business address at 25 W. Central Ave., Delaware, Ohio 43015-1911.

## JURISDICTION and VENUE

5. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §1332(a) because the amount in controversy exceeds $75,000.00 and because it is a matter between citizens of different states. Complete diversity of citizenship exists.

6. This Court has specific personal jurisdiction over Defendants under the personal jurisdiction jurisprudence of the United States Supreme Court, and the requirements of Civil Rule 4(k)(1)(A) and Ohio Revised Code Section 2307.382 can be satisfied.

7. Venue is appropriate in this Court under 28 U.S.C. §1391(b)(2) as this action arises from a motor vehicle collision in Belmont County, Ohio, which is in the Eastern Division of the Southern District of Ohio.

## GENERAL ALLEGATIONS

8. All allegations and causes of action, pled above and below, are incorporated into this cause of action by reference.

9. On the evening of July 15, 2020, Joseph C. Davis ("Davis") was driving eastbound in a black 2014 International tractor-trailer, Illinois Plate number P968771, VIN number 3HSDJAPR1EN79144, ("Truck") on I-70 near mile marker 204 in Belmont County, Ohio.

10. Davis was operating under the Federal Motor Carrier authority of and was the statutory employee of Defendant Midwest Transport.

11. As Davis approached traffic that had stopped or was slowing, Davis was inattentive due to the use of controlled substances and/or fatigue/distraction. Davis' toxicology report established Davis was driving under the influence and/or while intoxicated and/or impaired by THC (cannibinoids) reported to be 32.77 ng/ml.

12. At or near the same time, Nelson Landaverde and his passenger Karla Landaverde were traveling eastbound on I-70 in a tractor trailer in front of Davis's

3

Truck. The Truck slammed into the rear of the tractor trailer operated by Nelson Landaverde.

13. Nelson Landaverde and passenger Karla Landaverde were injured and suffered damages, as set forth below, as a proximate and legal result of the Defendants' negligence.

14. There was no failure to act by Nelson or Karla Landaverde that was a cause or that contributed to the collision.

## FIRST CAUSE OF ACTION
*Negligence of Midwest Transport, Inc. and Davis*

15. At or about 6:50 p.m. on July 15, 2020, Joseph C. Davis was driving Defendant Midwest Transport's 2014 International Truck, VIN No. 3HSDJAPR1EN791444 eastbound ion the right lane on Interstate 70 at about 6:50 p.m. in Kirkwood Township, Belmont County, Ohio when he failed to travel at a safe speed and bring the Truck he was operating to a safe stop, thereby causing the Truck to crash into the rear of Nelson Landaverde's slow moving tractor trailer in front of him, causing injuries to Nelson Landaverde and his passenger, Karla Landaverde.

16. At the time Defendant Midwest Transport had reason to know or should have known that Davis was operating the Truck in violation of the federal regulations, and they aided and abetted these violations in violation of 49 CFR § 390.13.

17. At the time of the crash and at all times relevant hereto, Davis was an employee, agent, leased driver and/or servant of Defendant Midwest Transport and was acting in the course and scope of his agency and/or employment such that

4

Midwest Transport is responsible for the conduct of Davis under principles of agency, statutory employment, master/servant and/or *respondeat superior*.

18. At the time of the crash and at all times relevant hereto, the Truck was owned by Defendant Midwest Transport and was operated by Davis under and under U.S. DOT Number 1084722 registered to Midwest Transport, such that Midwest Transport is therefore responsible for the conduct of Davis as a matter of law.

19. At the time of the crash and at all times relevant thereto, Defendant Midwest Transport had the authority and obligation to control its respective agents and/or employees, including Davis, and to direct how its agents and/or employees fulfilled their duties, including the scheduling and route for all deliveries, and all operations of the Truck, and at all times the Truck was being operated by Davis for Midwest Transport's respective and mutual benefit.

20. Defendant Midwest Transport was negligent, careless, and reckless in hiring, entrusting, retaining, supervising and training Davis.

21. At all times relevant to this cause of action, Defendant Midwest Transport was subject to and was required to obey the minimum safety standards established and set forth in the Federal Motor Carrier Safety Regulations (FMCSR), 49 CFR Parts 300-399, either directly or as adopted by Illinois and Ohio law.

22. Defendant Midwest Transport will be shown at trial to have violated statutes and/or regulations constituting negligence *per se*, including but not limited to:

    a. 49 CFR Part 390 (General);

      b.  49 CFR Part 392 (Driving of Commercial Motor Vehicles);

      c.  49 CFR Part 393 (Qualifications); and

      d.  49 CFR Part 395 (Hours of Service).

23. At the time of the crash, and at all times relevant hereto, Davis was operating the Truck while sufficiently impaired by marijuana, fatigue and/or other cause as to make it unsafe for him to begin or continue to operate the commercial motor vehicle and was required and/or permitted to do so by Defendant Midwest Transport, all in direct violation of 49 CFR § 392.3 and 49 CFR § 395.8(e).

24. Under federal regulations, included but not limited to 49 CFR § 392.3 and 49 CFR § 395.8(e), a driver may not operate, or be permitted to operate a commercial motor vehicle when he is likely to be sufficiently impaired by fatigue or other cause as to make it unsafe for him to begin or continue to operate the commercial motor vehicle, and may not operate, or be permitted to operate, a commercial motor vehicle if he falsely certified his duty status record.

25. Defendant Midwest Transport negligently, carelessly, and recklessly mandated and encouraged Davis to operate a commercial motor vehicle over the maximum allowable driving and on duty hours in order to meet their route and delivery requirements, all while knowing or having reason to know this would require Davis to violate federal hours-of-service regulations and other safety regulations, including 49 CFR §392.3 and 49 CFR § 395.8(e), and, as a result, become so sleep deprived that he could no longer make rational decisions or safely operate a commercial motor vehicle, all of which proximately caused the injuries and damages

to the Plaintiffs. This Defendant conspired to violate federal regulations and to aid and abet these violations of the federal regulations in violation of 49 C.F.R. § 390.13, and this conspiracy and the aiding and abetting legally caused the collision and damages complained of.

26. The July 15, 2020 crash of the Truck operated by Davis on Interstate 70 with slow moving or stopped vehicles, was a direct and proximate result of negligence, carelessness, recklessness, and misconduct by Davis, individually and as the agent and/or employee of Defendant Midwest Transport, including but not limited to:

  a. Operating the subject commercial motor vehicle in an unsafe and unreasonable manner;

  b. Operating, and/or permitting or requiring Davis to operate the subject commercial motor vehicle while impaired by controlled substances and/or fatigue, in direct violation of federal safety regulations, including 49 CFR § 392.3 and 49 CFR § 382.213;

  c. Failing to maintain an assured clear distance ahead;

  d. Operating the subject commercial motor vehicle at an unsafe speed;

  e. Failing to keep a proper lookout, failing to reasonably judge the closeness of other vehicles, and failing to brake in a proper manner;

  f. Operating in violation of minimum safety standards;

  g. Entrusting the subject commercial motor vehicle to Davis while

knowing or having reason to know that he was incompetent and impaired, and would be likely to operate the vehicle in an unsafe manner involving an unreasonable risk of harm to others;

h. Permitting Davis to operate the subject commercial motor vehicle while knowing or having reason to know that he was incompetent and impaired, and would be likely to operate the vehicle in an unsafe manner involving an unreasonable risk of harm to others, in violation of 49 CFR § 392.3;

i. Permitting Davis to operate the subject commercial motor vehicle without determining that he was qualified to do so, or that he could or would operate the subject commercial motor vehicle safely as required by 49 CFR § 391.11;

j. Negligently, carelessly, and recklessly permitting Davis to operate the subject commercial motor vehicle when he was so impaired by fatigue as to make it unsafe for him to operate the vehicle, again in violation of 49 CFR § 392.3;

k. Failing to make arrangements or take other and further measures to ensure that Davis had the necessary time and other resources required to comply with basic federal safety rules, including but not limited to federal hours-of-service rules, then knowingly permitting him to operate the subject commercial motor vehicle while knowing or having reason to know that he

        was incompetent and impaired, and would be likely to operate the vehicle in an unsafe manner involving an unreasonable risk of harm to others;

    l.    Requiring Davis to violate basic federal safety rules, including but not limited to federal hours-of-service rules, as a necessary element of performing his job duties, thereby placing him in a fatigued and compromised state, then knowingly permitting him to operate the subject commercial motor vehicle while knowing or having reason to know that he was incompetent and impaired, and would be likely to operate the vehicle in an unsafe manner involving an unreasonable risk of harm to others; and

    m.    Such other and further negligence, carelessness, recklessness and misconduct as will be proven at trial.

27.    At the time and place of the crash, Davis was negligent *per se* because he was in violation of one or more of these statutes of the State of Ohio, including but not limited to:

    a.   Ohio Revised Code § 4511.19 (operating vehicle under the influence of alcohol or drugs);

    b.   Ohio Revised Code § 4511.21 (Speed limits – assured clear distance);

    c.   Ohio Revised Code § 4511.194 (having physical control of vehicle while under the influence);

    d. Ohio Revised Code § 4511.201 (Operation in willful or wanton disregard of the safety of person or property);

    e. Ohio Revised Code § 4511.202 (Operation without being in reasonable control of the vehicle);

    f. Ohio Revised Code § 4511.204 (Texting while driving);

    g. Ohio Revised Code § 4511.34 (Space between moving vehicles);

    h. Ohio Revised Code § 4511.79 (Driving commercial vehicle with impaired ability or alertness prohibited);

28. These statutes and/or regulations were promulgated to protect the safety of a class of people that includes Nelson Landaverde and Karla Landaverde, and constitutes negligence *per se* pursuant, for which Midwest Transport is vicariously liable.

29. Defendant Midwest Transport knew, had reason to know, or should have known by exercising reasonable care, about the risks set forth in this Complaint and that by simply exercising reasonable care these risks would be reduced or eliminated. These risks include, but are not limited to:

    a. The risks associated with unsafe drivers;

    b. The risks associated with failing to train drivers to obey the FMCSRs;

    c. The risks associated with failing to train drivers to follow minimum driving standards for commercial drivers;

    d. The risks associated with failing to train drivers to follow

10

    minimum inspection standards for commercial drivers;

e. The risks associated with failing to train drivers to follow minimum maintenance standards for commercial drivers;

f. The risks associated with failing to have adequate risk management policies and procedures in place;

g. Failing to ensure its routes could be driven within hours-of-service;

h. Requiring drivers to meet unrealistic driving goals which Midwest Transport knew, had reason to know, or should have known would cause its drivers to violate the hours-of-service regulations;

i. Failing to have policies and procedures in place to identify undertrained and unqualified drivers;

j. Failing to appropriately implement and enforce risk management policies and procedures to monitor and assess Davis once he was hired;

k. Failing to implement and follow a written safety plan;

l. Failing to protect the members of the public, such as the Plaintiffs, from the risks described above;

m. Failing to use the composite knowledge reasonably available to Midwest Transport to analyze the data available to it to identify the risk, take steps to reduce or eliminate the risk, and to

          protect members of the public from that risk; and,

    n.    Failing to appropriately implement and enforce risk management policies and procedures to identify the risks described above.

30.    Defendant Midwest Transport was subject to and required to comply with the minimum safety standards established by the FMCSRs as specifically alleged, either directly or as adopted by the State of Ohio by statute or regulation, and their violations of such rules constitute negligence *per se*. These violations include violations of the following and such other violations as alleged in preceding paragraphs:

    a.    49 CFR § 392.3, which provides that a motor carrier shall not require or permit a driver to operate a commercial motor vehicle while the driver is so impaired by fatigue or any other cause as to make it unsafe for him to operate the vehicle;

    b.    49 CFR § 390.13, which provides that "[n]o person shall aid, abet, encourage or require a motor carrier or its employees to violate" safety rules, including but not limited to the federal hours-of-service rules.

31.    By reason of and as a legal result of Defendant Midwest Transport's breaches of its duties, which contributed to the injuries of Plaintiffs, they are entitled to recover all damages and losses compensable under applicable law.

32. As a legal and proximate result of the negligent and/or reckless conduct of Joseph Davis and the negligence of Defendant Midwest Transportation, Plaintiffs Nelson Landaverde and Karla Landaverde sustained severe and permanent personal injuries, pain and suffering, loss of earning capacity, and other damages.

## SECOND CAUSE OF ACTION
*Vicarious Liability of Defendant Midwest Transport, Inc.*

33. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

34. At all relevant times, Joseph Davis was the employee, agent, and servant of Defendant Midwest Transport. Accordingly, Defendant Midwest Transport is vicariously liable for the acts of Davis described in the causes of action above.

35. Regardless of the employment or agency relationship, Defendant Midwest Transport is an interstate motor carrier and the registered owner of the USDOT number 1084722 displayed on the tractor-trailer involved in this collision and is therefore responsible for the acts of the driver.

## PUNITIVE DAMAGES

36. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

37. Joseph Craig Davis chose to operate the Truck while sufficiently impaired by marijuana, fatigue and/or other cause as to make it unsafe to operate the Truck in that he failed to travel at a safe speed and bring the Truck he was operating to a safe stop demonstrated a conscious disregard for the rights and safety of other persons and had a great probability of causing substantial harm to them, and Mr.

Davis was aware of such great probability and Defendant was aware of the substantiality of harm that would result. Specifically, even though he was required by law to travel at a safe speed and bring the Truck he was operating to a safe stop in slowing or stopped traffic, Mr. Davis consciously disregarded the Plaintiffs' rights by knowingly operating the Truck in an unsafe and unreasonable manner and speed, failing to maintain an assured clear distance ahead, failing to keep a proper lookout, failing to reasonably judge the closeness of other vehicles, failing to brake in a proper manner and intentionally operating the Truck while impaired by marijuana, fatigue and/or other causes, and then subsequently and extremely recklessly failed to stop the Truck aware of the great probability of causing substantial injuries to the occupants of the Tractor Trailer in front of him, Plaintiff Nelson Landaverde and Karla Landaverde.

38. Defendant Midwest Transport demonstrated a conscious disregard for the rights and safety of other persons when it permitted (and for which it knew or should have been aware of) or required Joseph Davis to operate a commercial motor vehicle while sufficiently impaired by marijuana, fatigue and/or other cause and was aware of the great probability of causing substantial injuries to members of the driving public, including the Plaintiffs.

39. The Defendants' acts and/or omissions were committed with a reckless, wanton or willful disregard for the safety of others such that the imposition of exemplary or punitive damages is warranted to deter future conduct.

14

**WHEREFORE**, Plaintiffs respectfully request judgment in their favor and against the Defendant, in an amount that is just and fair and in excess of seventy - five thousand dollars, exclusive of costs and interest, in addition to punitive damages, costs and other relief that this Honorable Court deems just under the circumstances.

Respectfully submitted,

*/s/D.J. Young, III*
D. J. Young, III (71839)
The Law Firm for Truck Safety LLP
15 West Winter Street
Delaware, Ohio 43015
(216) 961-3932
dj@truckaccidents.com

Matthew E. Wright, (TN 022596)
(application for admission to be submitted)
The Law Firm for Truck Safety LLP
840 Crescent Centre Drive, Suite 310
Franklin, Tennessee 37067
matt@truckaccidents.com
www.truckaccidents.com

*Attorneys for the Plaintiffs*

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all triable issues.

Respectfully submitted,
*/s/D.J. Young, III*
D.J. Young, III

*Attorney for the Plaintiffs*